IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JAMES TAYLOR,**
*Individually, and on behalf of himself and others similarly situated,*

  Plaintiff,

        v.                                                                        No._____

**UNILEVER US, INC.,**

                                                                                    **FLSA Collective Action**
                                                                                    **JURY DEMANDED**
Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff James Taylor ("Plaintiff"), individually, and on behalf of himself and all other similarly-situated general maintenance technicians as a class, who were employees of Unilever US, Inc. ("Defendant") during the relevant statutory limitations' period herein, by and through counsel of record, brings claims for unpaid "off-the-clock" overtime as a Collective Action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* against Defendant and alleges, upon information and belief, and based upon the investigation made by his counsel, as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's federal claims is based upon Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 216 and 29 U.S.C. §§ 1331.

2. Venue is proper in this District because Plaintiff performed work for Defendant in this District, Defendant has conducted business in this District and many of the acts complained of and giving rise to the Plaintiff's claims occurred or are occurring in this District during all times material.

## PARTIES

3. Plaintiff James Taylor was an adult resident of Tipton County, Tennessee who worked as an hourly-paid general maintenance technicians for Defendant at its ice cream processing plant in Covington, Tennessee during the three-year period immediately preceding the filing of this Complaint (hereinafter "Violation Period"). Plaintiff Taylor's Consent to Join this collective action is attached hereto as Exhibit A.

4. Defendant Unilever US, Inc. is a Delaware Corporation with its corporate headquarters located at 800 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Defendant can be served through its registered agent for service of process, Corporation Service Company located at 251 Little Falls Drive, Wilmington, New Castle County, Delaware 19808, or wherever it may be found.

5. Defendant Unilever US, Inc. was Plaintiff's "employer" as that term is defined under the FLSA during all times material herein or, in the alternative, was Plaintiff's employer at all times mentioned herein because it exercised complete control and direction over Plaintiff's job duties, was the sole beneficiary of Plaintiff's labor and exercised control over safety, administrative and operational policies which Plaintiff and those similarly situated were required to follow.

## FACTUAL BACKGROUND

6. Plaintiff Taylor was employed by Defendant as general maintenance technician at its Covington, Tennessee processing plant.

7. Defendant has other production and processing facilities in Jonesboro, Arkansas; Sikeston, Missouri; Hammond, Indiana; Independence, Missouri, Rogers, Arkansas; Jacksonville, Florida; New Century, Kansas; Owensboro, Kentucky; Jefferson City, Missouri; Shelton, Connecticut; Chicago, Illinois; Olathe, Kansas; Los Angeles, California and Raeford, North Carolina at which facilities general maintenance technicians are employed.

8. Plaintiff and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

9. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

10. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

11. Plaintiff and those similarly situated performed job duties for Defendant in excess of forty (40) hours per week within weekly pay periods during the Violation Period.

12. Plaintiff and those similarly situated recorded their compensable work time on time clocks installed at Defendant's Covington facility.

13. Plaintiff and those similarly situated reported to and were solely directed and managed in their work duties by Defendant's management and supervisory members.

14. During the Violation Period, Plaintiff and similarly situated general maintenance technicians performed work in an environment susceptible to inflammatory combustible conditions. As a result, Defendant required Plaintiff and similarly situated general maintenance technicians

3

to wear Personal Protective Equipment ("PPE") consisting of fire-retardant shirts and trousers, steel-toed footwear, safety gloves and safety glasses while performing their job duties.

15. Plaintiff and similarly situated general maintenance technicians received hourly pay for work performed from the beginning time of their work scheduled work shifts until the ending time of their scheduled work shifts, discounting an unpaid thirty (30) minute meal break during their scheduled shifts, during the Violation Period.

16. However, Plaintiff and those similarly situated were required, induced, forced, expected, encouraged and/or, suffered or permitted, to perform work-related activities which were an integral and indispensable part of their principal work activities outside their scheduled shift hours.

17. Some of their uncompensated "off-the-clock" work-related activities consisted, *inter alia*, of:

   (a) being required, induced, forced, expected, encouraged, and/or, suffered or permitted, to don the aforementioned PPE safety items and gear before clocking into their scheduled shifts (constituting the beginning of their work day) without being compensated for their donning time at the applicable FLSA overtime rates of pay within weekly pay periods during the Violation Period;

   (b) being required, induced, forced, expected, encouraged, and/or, suffered or permitted, to perform work-related tasks before clocking into their scheduled shifts, without being compensated for such "off-the-clock" work time at the applicable FLSA overtime rates of pay within weekly pay periods the Violation Period; and/or,

   (c) being required, induced, forced, expected, encouraged, and/or, suffered or permitted, to doff the aforementioned PPE safety items and gear after clocking-out of their scheduled

      shifts (constituting the ending of their work day), without being compensated for their doffing time at the applicable FLSA overtime rates of pay within weekly pay periods during the Violation period.

18. The aforementioned unpaid "off-the-clock" claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's statutory FLSA violations.

19. Defendant had actual and/or constructive knowledge of Plaintiff and those similarly situated performing "off-the-clock" work-related activities outside their scheduled shift hours.

20. The failure of Defendant to compensate Plaintiff and similarly situated general maintenance technicians for their aforementioned "off-the-clock" work-related activities was willful and in reckless disregard to established FLSA requirements.

21. The failure of Defendant to compensate Plaintiff and similarly situated general maintenance technicians for their aforementioned "off-the-clock" work-related activities was devoid of a good faith basis.

22. Considering Plaintiff and similarly situated general maintenance techs worked forty (40) or more hours during weekly pay periods of the Violation Period for Defendant, had they properly been compensated for such "off-the-clock" work-related activities, such time would have been added to their pay and treated as overtime compensation under the FLSA.

23. Defendant failed to accurately record actual hours worked of Plaintiff and similarly situated general maintenance technicians, as required by the FLSA, 29 C.F.R. §516.2(a)(7).

24. The net effect of Defendant's common plan, policy and practice of failing to pay Plaintiff and those similarly situated for their aforementioned "off-the-clock" work-related activities at the applicable FLSA overtime rates of pay within weekly pay periods during the Violation Period was a scheme to save payroll costs and payroll taxes, for which Defendant has

enjoyed ill gained profits at the expense of Plaintiff and similarly situated general maintenance technicians.

25. As a result of Defendant's willful failure to pay Plaintiff and similarly situated general maintenance technicians in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this case as a collective action on behalf of himself and other similarly-situated general maintenance techs pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

28. The proposed collective class of similarly situated employees is defined as:

> All current and/or former hourly-paid general maintenance technicians who worked for Unilever US, Inc. anywhere in the United States at any time from the date that is three years preceding the commencement of this action up through the close of the court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

29. This action is properly maintained as a collective action because Plaintiff is similarly-situated to the members of the general maintenance technicians collective class with respect to Defendant's compensation and work-related plans, policies and practices.

30. Plaintiff and class members were subjected to Defendant's aforementioned common plan, policy and practice of requiring, inducing, forcing, inducing expecting, encouraging and/or, suffering or permitting, its management to work Plaintiff and class members "off-the-clock" without compensating them at the applicable FLSA overtime rates of pay for such "off-the-clock" work time during the Violation Period.

31. This action also is properly maintained as a collective action because of Defendant's unified policy of a common FLSA violation (unpaid "off-the-clock" work time) relating to Plaintiff and class members.

32. Defendant required, induced, forced, induced, expected, encouraged and/or, suffered or permitted, Plaintiff and class members to work hours during weekly pay periods of the Violation Period without full compensation and to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid all overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

43. Defendant knew Plaintiff and class members performed work that required additional overtime compensation to be paid them. Nonetheless, Defendant operated under the aforementioned common plan, policy and practice (schemes) to deprive them of such wages and overtime compensation.

44. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the members of the class. Plaintiff has no interests adverse to the respective class members, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

45. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

...

46. Defendant's aforementioned conduct and violations were willful, with reckless disregard to established FLSA requirements, and have caused significant damage to Plaintiff and class members.

47. Defendant's aforementioned conduct and violations were exercised without a good faith basis.

48. Plaintiff and class members have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

49. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and similarly situated general maintenance techs in compliance with the FLSA requirements.

50. Plaintiff requests the Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

51. Plaintiff estimates there are hundreds of collective class members. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail and e-mail.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

52. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

53. Plaintiff and similarly situated general maintenance technicians are "employees" within the meaning of the FLSA, 29 U.S.C. § 216(b).

54. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40)

hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

55. Plaintiff and similarly situated general maintenance technicians regularly performed work duties within weekly pay periods of the Violation Period but were not paid overtime compensation for all overtime work – constituting a violation of the FLSA.

56. Through its actions, policies and practices, Defendant violated the FLSA by requiring, inducing, forcing, expecting, encouraging and/or, suffering or permitting, Plaintiff and similarly situated general maintenance techs to perform work-related activities "off-the-clock" without compensating them at the applicable FLSA overtime rates of pay for such related overtime hours worked.

57. The foregoing actions of Defendant violated the FLSA.

58. Defendant's actions were willful without a good faith basis.

59. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the putative class have and will continue to suffer a loss of income and other damages.

60. Defendant is liable to Plaintiff and similarly situated general maintenance technicians for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the putative class request the Court enter judgment in their favor on this Complaint and:

a. Award judgment in favor of Plaintiff and similarly situated general maintenance technicians against Defendant for an amount equal to their unpaid back wages pursuant to the applicable wage and overtime rates under the FLSA;

9

b. Find and declare Defendant's violations of the FLSA as willful and, accordingly, apply the three-year statute of limitations under the FLSA to this action;

c. Award Plaintiff and similarly situated general maintenance techs liquidated damages in accordance with the FLSA;

d. Award prejudgment interest (to the extent that liquidated damages are not awarded);

e. Award Plaintiff and similarly situated general maintenance technicians their reasonable attorneys' fees and all costs of this action, to be paid by, in accordance with the FLSA;

f. Award pre- and post-judgment interest and court costs as further allowed by law;

g. Provide additional general and equitable relief to which Plaintiff and similarly situated general maintenance techs may be entitled; and,

h. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: November 6, 2020.                                Respectfully Submitted,

                                                                                *s/Gordon E. Jackson*
                                                                                Gordon E. Jackson (TN BPR #8323)
                                                                                J. Russ Bryant (TN BPR #33830)
                                                                                Robert E. Turner, IV (TN BPR #35364)
                                                                                Robert E. Morelli, III (TN BPR #037004)
                                                                                **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                                                                                Attorneys at Law
                                                                                262 German Oak Drive
                                                                                Memphis, Tennessee 38018
                                                                                Telephone: (901) 754-8001
                                                                                Facsimile: (901) 754-8524
                                                                                *gjackson@jsyc.com*
                                                                                *rbryant@jsyc.com*

*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
***AND FOR OTHERS SIMILARLY SITUATED***