IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **JAMES TAYLOR,** *Individually, and on behalf of himself and others similarly situated,* | |
| Plaintiff, | |
| v. | No 2:20-cv-02803-SHL-atc |
| **UNILEVER MANUFACTURING (US), INC.,** *A Delaware Corporation*, | **FLSA Collective Action** **JURY DEMANDED** |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR FLSA CONDITIONAL CERTIFICATION**

## I.   INTRODUCTION

This is a case about unpaid wages. Named Representative Plaintiff James Taylor ("Plaintiff") moves this Court to issue an order conditionally certifying a class of similarly situated current and former general maintenance technicians who were employees of Unilever Manufacturing (US), Inc. ("Defendant") at any of their non-unionized production and processing facilities during the last three (3) years ("the putative class"). Plaintiff seeks Court-supervised notice, in accordance with Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff easily meets the requirements for conditional certification. Plaintiff's evidence demonstrates that he and others similarly situated were subjected to Defendant's common policy/practice and uniform failure to pay all overtime compensation due.

Conditional certification provides "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity."

1

*Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989). The broad remedial nature of the FLSA and Section 216 further militates strongly in favor of collective treatment. *See e.g., Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740-41 (1981) (By enacting the FLSA, "Congress intended . . . to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act."); *see also Hoffman-LaRoche*, 493 U.S. at 169 ("[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources").

As such, Plaintiff requests an Order: (1) authorizing Plaintiff's claims to proceed as a FLSA collective action on behalf of Plaintiff and the putative class for overtime pay violations; (2) directing Defendant to immediately provide Plaintiff's counsel a computer-readable file containing the names (last names first), last known physical addresses, last known email addresses, social security numbers, dates of employment and last known telephone numbers of all the putative class members; (3) providing that Court-approved notice be posted at all of Defendant's non-unionized facilities where putative class members are employed, enclosed with all of Defendant's currently employed putative class members' next regularly-scheduled paycheck/stub, and be mailed and emailed to the putative class so that they can timely assert their claims; (4) tolling the statute of limitations for the putative class as of the date this Motion is fully briefed; and (5) requiring that the Opt-in Plaintiffs' Consent to Join Forms be deemed "filed" on the date they are postmarked.

## II.    FACTUAL BACKGROUND

Plaintiff and the putative class were/are employed by Defendant as hourly-paid general maintenance technicians throughout the last three (3) years ("the putative class").[1] Defendant owns and operates other production and processing facilities in Jonesboro, Arkansas; Sikeston, Missouri; Hammond, Indiana; Independence, Missouri, Rogers, Arkansas; Jacksonville, Florida; New Century, Kansas; Owensboro, Kentucky; Jefferson City, Missouri; Shelton, Connecticut; Chicago, Illinois; Olathe, Kansas; Los Angeles, California and Raeford, North Carolina at which facilities general maintenance technicians are employed.[2]

Mr. Taylor was employed as a general maintenance technician at Defendant's Covington, Tennessee production/processing facility within the three (3) years preceding the filing of this suit.[3] Plaintiff alleges Defendant required him and putative class members to (a) don/doff Personal Protective Equipment ("PPE") without any pay.[4] Plaintiff also alleges that, as a general maintenance technician, he was required to perform "pre-shift" work and without pay.[5] Much of this uncompensated time should have been paid to Plaintiff and putative class members at a overtime rate of pay, as it often occurred in weeks where they already worked forty (40) or more hours for Defendant.[6]

---

[1] *See generally* Second Amended Complaint (ECF No. 32). The putative class does not include general maintenance technicians at Defendant's unionized facilities. *Id.* at ¶ 28.

[2] *Id.* at ¶ 7.

[3] *Id.* at ¶ 3; *See generally* Declaration of James Taylor ("Taylor Decl.") ¶ 1, attached as *Exhibit A*.

[4] Second Amended Complaint (ECF No. 32) at ¶ 17; Taylor Decl. at ¶¶ 2, 6-8.

[5] *Id. See also* Taylor Decl. at ¶ 11.

[6] Taylor Decl. at ¶ 4 ("I ordinarily would work forty (40) hours or more per week while I was working for Defendant. I would typically work forty-eight (48) hours one week, and then thirty-

Mr. Taylor's Declaration and the Second Amended Complaint detail what it is like to be employed by Defendant as a general maintenance technician. The evidence demonstrates that Defendant employed a system-wide policy or practice of requiring and/or encouraging its general maintenance technicians to work without the proper overtime compensation. This is sufficient to warrant notice. *See e.g.*, *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996) ("Some courts hold that a plaintiff can demonstrate that potential class members are "similarly situated," for purposes of receiving notice, based solely upon allegations in a complaint of class-wide illegal practices.") (citing *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442–45 (N.D. Ill. 1982)).

As set forth below, this evidence exceeds the lenient standard for collective action treatment. Therefore, court-supervised notice under 216(b) of the FLSA is appropriate and necessary.

### III.     ARGUMENT

**A.     The FLSA's Lenient Notice-Stage Standard Applies to this Motion.**

Under the FLSA, employees may sue an employer for violations of the Act "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Each "similarly situated" employee must "give his consent in writing to become such a party and such consent [must be] filed in the court in which such action is brought." *Id.*

The standard for collective action notice "is a 'lenient one.'" *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). It is considerably "less stringent than that for joinder under Rule 20(a) . . .[or] [Rule 23(b)(3)] that common questions 'predominate.'" *Grayson v Kmart Corp.*,

---

two (32) hours the next week. The same is true for other Unilever general maintenance technicians like [Billy Newton, Carl Trotter, and Kevin Graags.]")

79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *see also Church*, 137 F.R.D. at 304 (rejecting Rule 23 requirements in a § 16(b) ADEA action).

To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to give notice to other potential class members to "opt-in" to Plaintiffs' case. *See Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991); *see also Hoffman-LaRoche v Sperling*, 493 U.S. 165, 170 (1989) ("[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources"). Proceeding as a collective action also serves the goal of "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffman-LaRoche*, 493 U.S. at 170. Additionally, early court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-72; *see also Garner v G.D. Searle Pharm.*, 802 F. Supp. 419, 422 (M.D. Ala.1991); *Yates v. Wal-Mart Stores, Inc*., 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999) ("judicial efficiency demands: consolidation of individual overtime claims in a collective action"). Prompt notice also serves the critical function of advising potential claimants to file their consents pursuant to Section 216(b) before the running of the applicable FLSA statute of limitations.

An employee need only show that she is suing her employer for herself and on behalf of other employees "similarly situated" to warrant FLSA collective action treatment. *Grayson*, 79 F.3d at 1096. The "similarly situated" standard is met where the class members share similar job requirements and pay provisions. *Dybach*, 942 F.2d at 1567-68; *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 251 (M.D. Tenn. 1996). The plaintiff's claims and job positions need not be identical

to the potential opt-ins, they need only be *similar*. *Dybach*, 942 F.2d at 1567-68; *see also Realite v. Ark Rest. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) (minimum wage and overtime case, in which notice authorized to restaurant employees in fifteen different restaurants holding a variety of different positions, including waiter, dishwasher, cook, and security guard). The burden of showing plaintiffs and potential opt-ins are "similarly situated" is met at the notice stage through detailed allegations in a complaint and supporting affidavits. *Grayson.*, 79 F.3d at 1097; *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406-07 (D. N.J. 1988), *aff'd.*, 493 U.S. 165, 110 S. Ct. 482 (1989). Importantly, Defendant's rebuttal evidence <u>does not</u> bar § 216(b) notice;[7] Plaintiffs' substantial allegations need only successfully engage the employer's affidavits (declarations) to the contrary. *Grayson*, 79 F.3d at 1099 n.17.

District Courts within the Sixth Circuit employ a two-stage certification procedure for FLSA collective actions. At the first, conditional certification stage, the court determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. *See e.g.*, *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) ("At the first step, the plaintiff bears the burden of showing that the employees in the class are 'similarly situated' . . . the plaintiff must only 'make a modest factual showing' that is he similarly situated to the other employees he is seeking to notify.")

This first-stage determination is made early in the litigation, prior to discovery, because "'the statute of limitations continues to run on unnamed class members' claims until'" they

---

[7] Merits-based arguments are likewise inappropriate at the conditional certification stage. *Lacy v. Reddy Elec. Co.*, No. 3:11-cv-52, 2011 U.S. Dist. LEXIS 142050, at *8 (S.D. Ohio Dec. 9, 2011) ("Requiring any more factual support from Plaintiff at this early stage, or weighing [Defendants'] competing factual assertions, would intrude improperly into the merits of the action, essentially imposing a burden upon Plaintiff to prove the factual predicates of his claim as a precondition to obtaining preliminary conditional certification. It is well-settled that no merits-based inquiry is appropriate at this stage.") (cleaned up).

6

receive notice and return a written consent to join the collective action. *Beasley v. Custom Commc'ns, Inc*, No. 5:15-CV-583-F, 2016 WL 5468255, at *3 (E.D.N.C. Sept. 28, 2016) (quoting *Houston v. URS Corp.,* 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (citing 29 U.S.C. § 216(b)).

Courts order notice to be sent to all employees subject to the plan, policy and practice at issue; the employment situations, job titles, locations or claims of the notified employees do not need to be the same. *See Mershon v. Elastic Stop Nut Div. of Harvard Indus.*, Inc., Civ. No. 87-1319 (HLS), 1990 WL 484152, at *6 (D.N.J. Mar. 23, 1990) (citing *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 52 (3d Cir. 1989); *Bishop*, 2009 WL 763946, at *5; *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988). A "finding of 'similarly situated' does not require the plaintiffs to perform the same job in the same location so long as there is a discriminatory policy common to all'" *Abrams v. Gen. Elec. Co.*, No. 95-CV-1734 (FJS), 1996 WL 663889, at *2 (N.D.N.Y. Nov. 4, 1996). The plaintiff must simply allege a factual nexus between the employees and the alleged policy. *See Realite*, 7 F.Supp.2d at 307-08 (notice' appropriate because affidavits "indicate" same policy was in effect at other locations); *Boyd v. Jupiter Aluminum Corp.*, No. 2:05-CV-227, 2006 WL 1518987, at *5-6 (N.D. Ind. May 31, 2006).

Once the court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *See Mooney*, 54 F.3d at 1213; *Hoffman v. Sbarro*, 982 F. Supp. 249, 261-62(S.D.N.Y. 1997); *Herrera v. Unified Mgmt.*, 2000 U.S. Dist. LEXIS 12406, 6 Wage & Hour Cas.2d (BNA) 922 (N.D. Ill. 2000). Discovery is relevant after conditional certification both as to the merits of the case and for the second step in the collective action procedure where the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. *See*

*Mooney*, 54 F.3d at 1214; *Herrera*, 2000 U.S. Dist. LEXIS 12406 (notice is sent out and then "after discovery has taken place, the court determines whether the class should be restricted based on the 'similarly situated' requirement of the FLSA"); *see also Smith v. Lowe's Home Center, Inc.*, 236 F.R.D. 354, (S.D. Ohio) (holding that "Opt-in plaintiffs in a collective action under the FLSA would not be treated as ordinary party plaintiffs subject to individualized discovery at preliminary certification stage; instead, limiting discovery to a statistically significant representative sampling was appropriate.") Allowing early notice and full participation by the opt-ins, "assure[s] that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling*, 118 F.R.D at 406.  Once the notice and opt-in period is complete, the Court will have the benefit of knowing the actual makeup of the collective action. Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche*, 493 U.S. at 172-73.

          a. **The O'Brien Case**.

In August of 2009, the Sixth Circuit handed down the seminal case on FLSA collective actions. *See O'Brien v. Ed. Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009).  In *O'Brien*, the plaintiffs brought two theories under the FLSA.  First, they claimed they were required to work "off the clock." Second, they claimed the defendants had electronically edited their time records. *Id.* at 573.  In addressing the "decertification" standard, which is markedly more stringent than the phase one conditional certification and notice standard, the Sixth Circuit explained how lenient the FLSA collective action procedures are. The Sixth Circuit rejected many of the arguments routinely advanced by the defendants opposing collective action status.  The Sixth Circuit stated that "showing a 'unified policy' of violations is not required." *Id.* at 584 (emphasis added).

Likewise, the Sixth Circuit expressly stated that the need for individualized assessments of opt in plaintiffs does not defeat collective action status. The *O'Brien* court explained:

> Both the district court and the defendant note that to determine whether a particular violation took place in this case requires an individualized analysis that examines the facts of each alleged violation. For this reason, the district court decertified, determining that individualized issues predominated. Under the FLSA, opt-in plaintiffs only need to be "similarly situated." While Congress could have imported the more stringent criteria for class certification under Fed. R. Civ. P. 23, it has not done so. The district court implicitly and improperly applied a Rule 23-type analysis when it reasoned that the plaintiffs were not similarly situated because individualized questions predominated.

*Id.* at 584-85 (internal citations omitted). *O'Brien* also addressed what proof is necessary to proceed as a collective action. In *O'Brien*, the plaintiff suggested the following standard: a collective action is proper where the "causes of action under the FLSA accrued at about the time and place in the approximate same manner of the named plaintiff would be similarly situated' to the lead plaintiffs." *Id.* at 585. The court rejected this on the ground that this standard, suggested by the plaintiff, *was too restrictive* and "more demanding that what the statute requires." *Id.* Instead, the Sixth Circuit held:

> But in this case, the plaintiffs were similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct. The claims were unified so, because plaintiffs articulated two common means by which they were allegedly cheated: forcing employees to work off the clock and improperly editing time sheets.

*Id.* at 585. Accordingly, the Sixth Circuit held that collective action status is proper where "claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* The court explained the rationale for this very lenient standard:

> "[T]he collective action serves an important remedial purpose. Through it, a plaintiff who has suffered only a small monetary harm can join a larger pool of similarly situated plaintiffs. That pool can attract effective counsel who knows that if the plaintiffs prevail, counsel is entitled to a statutorily required reasonable fee as determined by the court."

9

*Id.* at 586 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Court supervised notice is granted very liberally in virtually all jurisdictions. In the *O'Brien* case, the Sixth Circuit has perhaps made this the most lenient jurisdiction for collective actions.

As shown below, Plaintiff has gone far beyond this minimal preliminary showing, providing detailed allegations in the Second Amended Complaint and his Declaration. Court-supervised notice under 216(b) of the FLSA is appropriate and necessary.

**B.    Plaintiff Easily Meets the Lenient, Threshold Standard to Obtain Conditional Certification.**

Conditional certification is warranted because Mr. Taylor has demonstrated that he and other of Defendant's general maintenance technicians are similarly situated because their claims are "'unified by common theories of defendants' statutory violations'" *Hodges v. Pac. Bells, LLC*, No. 217CV02564SHLDKV, 2018 WL 6574793, at *2 (W.D. Tenn. Sept. 30, 2018) (quoting *O'Brien v. Ed Donnelly Enters.*, 575 F.3d at 585)) (Lipman, J.). In fact, Plaintiff and putative class members had the same job duties and were subject to the same compensation policies and standards.

Specifically, Mr. Taylor has demonstrated that he and the putative class all were required to don/doff PPE that was integral to their job and without pay.[8] Mr. Taylor has provided his *firsthand knowledge* of this fact. For example, Plaintiff explained that he "worked alongside [other general maintenance technicians] for years and witnessed them don/doff this PPE firsthand."[9]

---

[8] Taylor Decl. at ¶¶ 4-8.

[9] *Id.* at ¶ 2.

Likewise, other "maintenance technicians such as Billy Newton, Carl Trotter, and Kevin Graags" also spent the same amount of (unpaid) time donning/doffing this PPE.[10]

On a separate note, Plaintiff anticipates that Defendant's opposition to conditional certification will focus on its erroneous claim that it did not employ Plaintiff. Plaintiff expects Defendant to argue that Plaintiff was a "temporary" worker who provides services to them through a staffing agency known as Aerotek, Inc.

On the one hand, this argument puts the cart before the horse; courts "typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues" at this stage. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) (citing *Burdine v. Covidien, Inc.*, No. 1:10cv194, 2011 U.S. Dist. LEXIS 79807, 2011 WL 2976929, at *2-4 (E.D. Tenn. June 22, 2011)). On the other hand, this argument fails given any examination. Plaintiff worked for Unilever for *nearly six (6) years*.[11] As Mr. Taylor explained, he

> almost never interacted with Aerotek. [He] saw a person from Aerotek maybe once a year in the roughly six (6) years [he] worked for Unilever. Unilever's management team . . . told [him] how to do [his] job, when to do [his] job, where to do [his] job, and dictated the terms of [his] employment on a day-to-day basis. For example, if [he] needed to call in late or call out sick, [he] called a Unilever supervisor/manager.[12]

The foregoing allegations are all that is required to warrant collective action treatment. *See Adams v. Wenco Ashland, Inc.*, No. 1:19CV1544, 2020 WL 2615514, at *4 (N.D. Ohio May 22, 2020) (quoting *Pop v. Permco, Inc.*, No. 5:19-CV-00659, 2019 WL 4154480, at *4-5 (N.D. Ohio Sept. 3, 2019)) ("'[a] court can conditionally certify a collective action under the FLSA on

---

[10] *Id.* at ¶ 8.

[11] *Id.* at ¶ 10.

[12] *Id.*

11

the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff.'"). Notice should issue to the putative class.

**C.      The Proposed Notice and Consent Forms are Fair and Adequate.**

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche,* 493 U.S. at 170.  Court authorized notice prevents "misleading communications." *Id.* at 172.

Plaintiff's Proposed Notice is attached as *Exhibit B*. Plaintiff's Proposed Consent is attached as *Exhibit C*.  These documents are similar in form and content to the Notice and Consent forms approved by the Eastern Division of the Western District of Tennessee in another collective action. *See Hayes et. al. v. Butts Foods*, *Inc., et al.*, No. 1:18-cv-01235 (W.D. Tenn. 2019).

Plaintiff's proposal for Court-approved Notice and Consent forms to the potential opt-ins are "timely, accurate, and informative" as required. *Hoffman-LaRoche*, 493 U.S. at 172.  The Notice provides information about the pendency of the action and of the opportunity to opt-in. Plaintiff's legal claims are accurately described. Potential opt-in plaintiffs are advised that Defendant is defending against the claims and that they are not required to participate. The Notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.  *See* 29 U.S.C. § 215(a)(3); *Reich v. Davis,* 50 F.3d 962, 964 (11th Cir. 1995); *Taylor v. City of Gatlinburg*, No. 3:06-cv-273, 2008 U.S. Dist. LEXIS 75708, at *7-8 (E.D. Tenn. Aug. 26, 2008). Overall, the proposed Notice is easy to read and written in plain English, informing potential class members of their rights and how they can elect to participate in action.  The Notice also describes the legal effect of joining the suit; describes

the legal effect of not joining the suit; notes that the Court expresses no opinion regard the merits of Plaintiff's claims or Defendant's liability, and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. *See* 29 U.S.C. § 215(a)(3) (anti-retaliation provision).

Plaintiff proposes that the Notice and Consent forms be emailed and mailed by counsel for Plaintiffs to all putative class members. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ("With regard to the use of email to notify potential plaintiffs of this litigation, 'communication through email is [now] the norm.'") (citing *In re Deloitte & Touche, LLP Overtime Litig.*, 2012 U.S. Dist. LEXIS 12641, 2012 WL 340114, at *2 (S.D.N.Y. Jan. 17, 2012)).

Those class members interested in participating would be required to file their consents with the Court within sixty (60) days of such mailing. This is consistent with established practice under the FLSA. *Hoffman-LaRoche,* 493 U.S. at 172; *Garner,* 802 F. Supp. at 422 (cutoff date expedites resolution of action); *Hipp,* 164 F.R.D at 576 (120-day filing period); *Belcher,* 927 F. Supp. at 252-55 (exemplar of company-wide notice).

Since the statute of limitations is daily destroying the ability of the putative class to recover unpaid wages, Plaintiff also requests that Defendant be ordered to internally post the notice prominently on any time clocks or computers used by putative class members (or alternatively on the bulletin boards where job notices are posted). *See, e.g.*, *Cranney v. Carriage Servs., Inc.*, No. 2:07CV1587 PLHPAL, 2008 WL 608639, at *5 (D. Nev. Feb. 29, 2008) (ordering notice to be posted in defendants' locations, e-mailed to employees, publicized in employee newsletter as well as mailed to employees); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E.D. Cal. 2006) (first class mail and posting at workplaces constituted "'best notice practicable'" to the

class); *Johnson v. Am. Airlines, Inc.,* 531 F. Supp. 957, 964 (N.D. Tex. 1982) (notice ordered to be posted on employee bulletin boards at defendant's flight bases).

In sum, the proposed Notice and Consent forms are fair, accurate and should be approved for distribution. Plaintiff requests that the notices be deemed "filed" on the date they are postmarked. Plaintiff also requests that the statute of limitations be tolled as of the date this motion is fully briefed, so that prospective class members will not have their claims expire during the notice mailing.[13]

### D.    The Disclosure of Names and Addresses is Essential to Ensure Timely Notice

Plaintiff moves for an Order instructing Defendant to disclose a mailing list of all prospective plaintiffs employed within the last three (3) years. Early disclosure of a mailing list for class members is a routine component of notice in collective actions. *Hoffman-LaRoche,* 493 at 170 ("District Court was correct to permit discovery of the names and addresses . . ."); *Grayson,* 79 F.3d at 111 (ordering production of mailing list). Indeed, such a mailing list is essential to timely notice. *See Hoffman-LaRoche*, 493 U.S. at 170 ("timely notice" required). Defendant should therefore be ordered to produce the last known physical addresses, last known email addresses,

---

[13] "The FLSA's statute of limitations is subject to equitable tolling." *Davis v. Kohler Co.*, No. 2:15-cv-01263, 2017 WL 3865656, at *7 (W.D. Tenn. Aug. 30, 2017). "[D]elays during the collective-action certification process constitute 'extraordinary circumstances' beyond plaintiffs' control, making them appropriate for the application of equitable tolling." *Kutzback v. LMS Intellibound, LLC*, 233 F. Supp. 3d 623, 631 (W.D. Tenn. 2017*); See also Penley v. NPC Int'l, Inc.*, 206 F. Supp. 3d 1341, 1351 (W.D. Tenn. 2016) ("[T]he Plaintiffs' claims will be tolled as of the date that the first motion for conditional certification could have been fully briefed under the scheduling order in place at the time[.]"); *Thompson v. Direct Gen. Consumer Prods., Inc.*, No. 3:12-cv-1093, 2014 WL 884494, at *8 (M.D. Tenn. Mar. 5, 2014) (tolling the statute of limitations as of the date the plaintiffs replied to the defendant's response in opposition of plaintiffs' motion for conditional certification). For the same reasons, each opt-in plaintiffs' consent form should be deemed filed on the date it is postmarked. *See Davis*, 2017 WL 3865656, at *7 ("[E]ach opt-in Plaintiff's consent form shall be deemed 'filed' on the date the form is postmarked.").

dates of employment, social security numbers and last known telephone numbers of all putative class members.

## IV.   CONCLUSION

For the foregoing reasons, this Honorable Court should grant Plaintiff's Motion for Conditional Certification.

Dated: September 30, 2021.                          Respectfully Submitted,

*/s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
 gjackson@jsyc.com
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com

*ATTORNEYS FOR PLAINTIFF*
*AND FOR OTHERS SIMILARLY SITUATED*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on this the 30th day of September, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*s/Gordon E. Jackson*
Gordon E. Jackson