# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**JAMES TAYLOR,**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v.                                                                                  No 2:20-cv-02803-SHL-atc

**UNILEVER MANUFACTURING (US), INC.,**
*A Delaware Corporation*,

Defendant.

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT

The Parties file this Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support (the "Joint Motion"). In support of their Joint Motion, the Parties respectfully state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

This case was brought under the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendant failed to pay him all overtime compensation due. (*See generally* ECF No. 1, 32). Defendant denies these allegations and further denies that it violated the FLSA in any respect whatsoever (*See generally* ECF No. 33).

The parties exchanged Initial Disclosures in the summer of 2021. Thereafter, Plaintiff sought FLSA conditional certification. (ECF No. 34). Defendant then moved to compel arbitration, and opposed Plaintiff's efforts to form a conditional class. (ECF No. 36-37). The Court granted Defendant's motion to compel, mooting the conditional certification motion. (ECF No. 47-48.)

Following the Court's Order compelling arbitration, the parties entered negotiations in an effort to resolve the claims. Over the course of approximately a six-week period, the parties explained what each considered to be the strengths of their respective positions and exchanged several offers and counter offers. Ultimately an agreement was reached which each party found to be acceptable in the circumstances.

The parties wish to avoid expending additional resources on this matter and have reached an agreed-upon resolution. This resolution releases and resolves all claims relating to this matter.[1] Because this Court requires approval of FLSA settlements, the Parties hereby submit their proposed agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

**LAW AND ANALYSIS**

Here, the Court should approve the parties' agreed-upon resolution because (1) it was negotiated and agreed upon in an adversarial context, (2) both sides are represented by experienced labor and employment attorneys, and (3) the agreed-upon resolution is a fair and reasonable compromise given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

> 1. Was the proposed resolution achieved in an adversarial context?

---

[1] This settlement also resolves an alleged claim under the Age Discrimination in Employment Act ("ADEA").

2

> 2. Was the plaintiff represented by attorneys who can adequately protect her rights?
>
> 3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here. Indeed, the resolution reached by the parties was negotiated at arms' length with both parties represented by experienced labor and employment counsel who protected the rights of the parties.[2] The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes about Plaintiff's entitlement to any relief under the FLSA. Defendant, for example, denied that Plaintiff was ever directed to work without clocking in – the crux of Plaintiff's claim. Defendant further pointed out that the location of the time clocks near the entrance to the facility made it unlikely that Plaintiff would ever have worked before clocking in or after clocking out unless he chose to, or neglected to, punch the time clock upon arriving or leaving the plant, and thus if there were any such instances, they would have at best been random and sporadic.

Moreover, Defendant argued that it was not Plaintiff's direct employer, that the time clock used by Plaintiff did not report his time to Defendant but rather was set up to report his time directly to his employer which issued his paycheck, and Defendant had no ability to review or edit Plaintiff's time or his paycheck. Based on this Defendant argued that at least it was acting in good faith with respect to the payment for Plaintiff's time, and it should not be responsible for any failure by Plaintiff to use a simple and reasonable system for accurately reporting his time worked if, in fact, that occurred.

---

[2] Plaintiff's counsel, Jackson Shields, Yeiser, Holt, Owen & Bryant, maintain a boutique nationwide class and collective action wage and hour practice. As a result, Plaintiffs' Counsel understands first-hand the risks, difficulties, and costs associated with preparing and trying FLSA matters, as opposed to negotiating a favorable settlement. Defendant's counsel, Brian Woolley, has practiced labor and employment law for over 30 years, including acting as defense counsel in approximately 15 FLSA collective action matters in the past 10 years.

With the Court's approval, the parties will have resolved all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs.[3] The settlement provides Mr. Taylor more than 100% of his estimated unpaid overtime. The parties have attached hereto as *Exhibit A* their proposed settlement agreement and release of claims.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court enter an order forthwith granting their Joint Motion, approving the parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice based upon the parties' agreement. The parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Joint Motion.

Dated: October 6, 2022.    Respectfully Submitted,

*/s/ Robert E. Morelli, III*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
rbryant@jsyc.com

---

[3] In addition, an award of attorney' fees under the FLSA "must "be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiffs' counsel is to receive $7,000.00 in fees and expenses. As set forth more fully in the supporting Declaration counsel, attached as *Exhibit B*, this represents only a percentage of the time counsel has invested prosecuting this case.

*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***

&

*/s/ Brian N. Woolley*
Bridget Romero(admitted pro hac vice)
Brian N. Woolley (admitted pro hac vice)
Admitted Pro Hac Vice
**Lathrop GPM LLP**
2345 Grand Blvd. #2200
Kansas City, MO 64108
Telephone: (816)292-2000
Facsimile: (816)292-2001
Bridget.romero@lathropgpm.com
Brian.woolley@lathropgpm.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing document was filed electronically on this the 6th day of October, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                 */s/ Robert E. Morelli, III*