IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>UNILEVER MANUFACTURING (US), INC.,<br><br>    Defendant. | No. 2:20-cv-02803-SHL-atc |

## ORDER APPROVING FLSA SETTLEMENT

Plaintiff James Taylor filed a Complaint against Defendant Unilever Manufacturing (US), Inc., on November 6, 2020, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (ECF No. 1.) On August 30, 2022, the Parties filed a Joint Stipulation of Dismissal, but did not include the terms of the settlement agreement for the Court's review. (ECF No. 49.) In a September 29, 2022 Order, the Court ordered the Parties to either file their settlement agreement with a memorandum in support of its fairness and reasonableness or file a recission of their Joint Stipulation of Dismissal. (ECF No. 52 at PageID 309.) The Court explained that it would not grant a Joint Stipulation of Dismissal for an FLSA claim without first reviewing the agreed-upon settlement terms. (Id.)

On October 6, 2022, the Parties filed a Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support. (ECF No. 53.) In their Joint Motion, the Parties seek approval of their proposed Settlement Agreement and Release of Claims. (ECF No. 53-1.) For the following reasons, the Court **GRANTS** the Motion.

## BACKGROUND

The Complaint alleges that Defendant failed to pay Plaintiff proper overtime compensation while Plaintiff worked as a general maintenance technician at Defendant's ice cream processing plant in Covington, Tennessee. (ECF No. 32 at PageID 109-10.) Specifically, Plaintiff alleges that Defendant required him to apply fire-retardant personal protective equipment ("PPE") while performing job duties. (Id. at PageID 112.) Plaintiff alleges that Defendant required him to apply the PPE before clocking into his scheduled shift and remove the gear after clocking out of work. (Id.) Plaintiff alleges that the time donning PPE on and off amounted to "off-the-clock" work performed in excess of 40 hours per week for which he was not properly compensated. (Id.)

Plaintiff commenced this action on behalf of himself and other similarly situated technicians, alleging that Defendant's failure to compensate them for this overtime work violates the FLSA and that they suffered lost wages, overtime compensation and other damages as a result. (Id. at PageID 111.) Plaintiff also sought FLSA conditional certification. (ECF No. 34.) Defendant opposed certification as a collective action, and subsequently moved to compel arbitration. (ECF Nos. 36, 37.) On June 10, 2022, the Court granted Defendant's Motion to Compel Arbitration according to the terms of Plaintiff's arbitration agreement. (ECF No. 47.) The Court then denied Plaintiff's Motion to Certify as moot. (ECF No. 48.)

On October 6, 2022, the Parties filed their Joint Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support. (ECF No. 53.) According to the attached proposed Settlement Agreement, Defendants agreed to pay Plaintiff $13,000.00 in unpaid wages and non-wage damages, with an additional $7,000.00 paid to his counsel for attorney's fees and costs. (ECF No. 53-1 at PageID 317.)

## ANALYSIS

The FLSA provides, in pertinent part, that an employer who engages in certain prohibited practices, like failing to pay overtime, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). Once a covered employee files an FLSA claim pursuant to this provision, the only two ways that the claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

A district court must scrutinize a proposed FLSA settlement for fairness, and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, the Court examines additional factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

Based on a review of the Parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved in an adversarial context, as evidenced by the pleadings filed by experienced counsel. (ECF Nos. 32, 33.) Indeed, the Parties still maintain that they disagree over the merits of Plaintiff's asserted claims. (ECF No. 53-1 at PageID 316, 318.)

Second, the proposed Settlement Agreement is fair and reasonable. Defendants will pay all estimated back wages and a portion of Plaintiff's attorney's fees and expenses. (ECF No. 53-1 at PageID 317.) In their Motion, both Parties agree that this is a reasonable and fair payment for a release of Plaintiff's FLSA claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial. (ECF No. 53 at PageID 312.)

As for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Moreover, settlement now will avoid additional expenditures of time and resources. See id. The range of possible recovery is relatively fixed and defined by statute, so there is little risk that the proposed Settlement Agreement will deprive Plaintiff of a fair result. See 29 U.S.C. § 216(b). Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and filing this Joint Motion. Thus, this proposed Settlement Agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of October, 2022.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
